UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :

UNITED STATES OF AMERICA                   :

                                                                 :    CONSENT PRELIMINARY ORDER
                - v. -                                              OF FORFEITURE/SPECIFIC
                                                                 :    <u>PROPERTY MONEY JUDGMENT</u>

DARIO MEDINA,

                                                                 :    24 Cr. 645 (JPO)

                 Defendant.
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         WHEREAS, on or about November 15, 2024, DARIO MEDINA (the "Defendant"), was charged in an Information, 24 Cr. 645 (JPO) (the "Information"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); and narcotics distribution, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2) (Count Two);

         WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 853 of any and all property constituting, or derived from any and all property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the offenses charged in Counts One and Two, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two and the following specific property:

         a.     $45,980.00 in United States currency seized on or about June 6,2023

(the "Specific Property");

         WHEREAS, on or about November 15, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit

to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $45,980 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a forfeiture money judgment in the amount of $45,980 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property as proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Maggie Lynaugh, of counsel, and the Defendant and his counsel, Clay Kaminsky, Esq., that:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $45,980 in United States currency

(the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant DARIO MEDINA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____        5/9/25
    MAGGIE LYNAUGH                            DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2448


DARIO MEDINA

By: _____        5/9/25
    DARIO MEDINA                             DATE


By: _____        5/9/25
    Clay Kaminsky, ESQ.                      DATE
    Attorney for Defendant
    52 Duane Street, 10 FL
    New York, NY 10007


SO ORDERED:

_____            5/9/25
HONORABLE J. PAUL OETKEN                     DATE
UNITED STATES DISTRICT JUDGE